IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MIGUEL ANGEL TAMAYO MARTINEZ,

Petitioner,

vs.

WARDEN, MCCOOK DETENTION CENTER, in official capacity, et al.,

Respondents.

8:26-CV-689

ORDER

The petitioner has filed an "emergency motion" (filing 2) for release from custody while the Court resolves his habeas corpus petition. The Court will deny the motion.

To grant interim release in a habeas corpus case, the Court must find (1) a substantial federal constitutional claim that is not only clear on the law but also readily evident on the facts, and (2) the existence of exceptional circumstances justifying special treatment in the interests of justice. *Mohammed H. v. Trump*, 781 F. Supp. 3d 886, 892 (D. Minn. 2025) (citing *Martin v. Solem*, 801 F.2d 324 (8th Cir. 1986)). The petitioner argues that his wife's impending kidney surgery presents such exceptional circumstances. *See* filing 2 at 2; *see also* filing 4.

Assuming without deciding that exceptional circumstances are present, however, the record does not present a clear, readily evident constitutional claim. As best the Court can tell from the limited information available, the petitioner is a Mexican citizen who entered the United States on a work visa and is now being detained pursuant to 8 U.S.C. § 1226—the petitioner received a bond hearing, but the immigration judge denied bond because he was found

to be a danger to the community. *See* filing 1 at 11-12. He appears to have entered ICE custody no earlier than July 2026. *See* filing 1 at 12. The petitioner has been ordered removed from the United States, but that order of removal is not yet final. *See* filing 1 at 17.

The petitioner asserts that his detention violates his due process rights, *see* filing 1 at 6, 15, and still may be able to prove that claim. The government has been asked to justify the true cause and proper duration of the petitioner's detention, filing 7 at 2, and that issue remains unresolved. But based on the facts before the Court, there is a likely legal basis for the petitioner's detention, and the duration of that detention remains at least presumptively lawful. On the record as it presently exists, there is no clear and readily apparent basis to find that the petitioner has a substantial constitutional claim. Accordingly,

IT IS ORDERED that the petitioner's emergency motion for interim release (filing 2) is denied.

Dated this 9th day of November, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge